# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

DOUGLAS W. TOMPKINS,

    Plaintiff,

vs.

NEVADA PROPERTY 1, LLC dba THE COSMOPOLITAN OF LAS VEGAS., *et al.*,

    Defendants.

Case No. 2:18-cv-01901-KJD-VCF

**REPORT AND RECOMMENDATION**

Motion to Strike Affirmative Defenses [ECF No. 14]

    Before the Court is Plaintiff Douglas Tompkins' Motion to Strike Defendant's Affirmative Defenses. (ECF No. 14). For the reasons stated below, the Court recommends that Plaintiff's motion be granted in part and denied in part.

## Background

    In the complaint, Plaintiff alleges that he was injured by Defendant Nevada Property 1's employees. (ECF No. 1 at 1). Plaintiff brings claims for negligence, negligent and intentional infliction of emotional distress, assault, battery, false imprisonment, negligent hiring, gross negligence, negligence per se, and violation of 42 U.S.C. § 1983 claims against Defendant. (*Id.* at 7-12). Defendant filed an answer containing 20 affirmative defenses. (ECF No. 7-9).

    Plaintiff now moves to strike Affirmative Defenses 1, 5, 7, 9, 10, 12, 13, 18, 19, and 20. (ECF No. 14 at 4-6). Plaintiff argues that the defenses "attack Plaintiff's burden of proof or are not recognized affirmative defenses," are redundant, and do not provide fair note to Plaintiff. (*Id.*). Defendant concedes that Affirmative Defenses 5, 7, 13, 19, and 20 should be stricken. (ECF No. 20 at 3). Defendant argues that its remaining affirmative defenses should not be stricken because they are proper affirmative defenses and provide fair notice to Plaintiff. (*Id.* at 4-6).

1

## DISCUSSION

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)); *see also* 2 James Wm. Moore, *Moore's Federal Practice*, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc.*, 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram,* 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted). "Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979)).

**I.     Affirmative Defense 1**

Affirmative Defense 1 asserts that the complaint "fails to state a claim against Defendant upon which relief can be granted." (ECF No. 9 at 7). Plaintiff argues that this is not a true affirmative defense. (ECF No. 14 at 4).

It is true that some courts strike defenses that are "not properly asserted as an affirmative defense," meaning they assert a defect in the case rather than assert facts to bar recovery notwithstanding a valid case. *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 4039069, at *3 (D. Nev. Aug. 5, 2013); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). However, this approach does not fulfil the purpose of a Rule 12(f) motion: "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973 (internal quotation omitted).

The Court should not strike a defense "to merely polish the pleadings." *Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 308-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008). "The Court fails to see the utility in striking a negative defense at this point, despite it being mislabeled as an affirmative defense, without proof that it is legally insufficient." *Garity*, 2013 WL 4774761 at *3. There is no prejudice to the FTC in allowing these defenses to remain. *See Painters Joint Comm. v. J.L. Wallco, Inc.*, No. 2:10-CV-1385-JCM-PAL, 2011 WL 2418615, at *2 (D. Nev. June 14, 2011) (denying a motion to strike based on a lack of prejudice). Therefore, Plaintiff's motion to strike should be denied as to Affirmative Defense 1.

**II.     Affirmative Defenses 9, 10, 12, 18**

Affirmative Defenses 9, 10, and 12 state that "[a]ll actions taken by Defendant with regards to the allegations contained in Plaintiff's Complaint were privileged," "excused or justified," and "reasonable and justified and/or excused under NRS §651.020." (ECF No. 9 at 8). Affirmative Defense 18 asserts that "[a]ny detainment experienced by Plaintiff was legally permitted under or excused under NRS §41.500, because Defendant was acting as a Good Samaritan." (*Id.* at 9). Plaintiff argues that these Affirmative Defenses "fail to provide Plaintiff with fair notice of the grounds upon which they rest" because they do not specify the particular privilege, justification, or statue subsection Defendant is relying

3

on. (ECF No. 14 at 6). Defendant argues that the Affirmative Defenses contain enough detail to provide fair notice to Plaintiff because they "clearly relate[] back and [are] limited to the actions taken by Defendant in relation to the allegations asserted in Plaintiff's Complaint." (ECF No. 20 at 5-6).

Affirmative Defenses 9 and 10 do not provide fair notice to the Plaintiff of the grounds upon which they rest. They merely assert that Defendant's actions were privileged, excused, or justified without any further details. Defendant fails to identify what privileges, excuses, or justifications would apply or the conduct they would apply to, aside from the blanket statement of "[a]ll actions taken by Defendant with regards to the allegations contained in Plaintiff's Complaint." (ECF No. 9 at 8). This does not give fair notice to Plaintiff regarding the defenses Defendant seeks to assert. *See Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 668 (S.D. Cal. 2014) (citing *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Therefore, Affirmative Defenses 9 and 10 should be stricken with leave to amend. This case is still in its very early stages, and Plaintiff would not be prejudiced by allowing Defendant to amend these Affirmative Defenses.

Affirmative Defenses 12 and 18 provide fair notice to the Plaintiff of the grounds upon which they rest. Both cite specific statutes as a basis for the defense. NRS §651.020 is specific to the right of owners of hotels and similar establishments to evict disorderly individuals on the premises. While NRS §41.500 has a more broad application to different types of people rendering emergency aid, it is still sufficient to put Plaintiff on notice that Defendant is asserting it was acting as a Good Samaritan during the incident at issue in the complaint. Therefore, Plaintiff's motion to strike should be denied as to Affirmative Defenses 12 and 18.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 14) be GRANTED as to Affirmative Defenses 5, 7, 13, 19, and 20.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 14) be GRANTED WITH LEAVE TO AMEND as to Affirmative Defenses 9 and 10.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 14) be DENIED as to Affirmative Defenses 1, 12, and 18.

IT IS SO RECOMMENDED.

DATED this 13th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE